IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Shirl Spivey, | ) | |
| | ) | C.A. No. 9:10-2395-HMH-BM |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Michael J. Astrue, Commissioner of | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Bristow Marchant, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.[1] Shirl Spivey ("Spivey") seeks judicial review of the Commissioner of Social Security's ("Commissioner") denial of her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act. Magistrate Judge Marchant recommends affirming the Commissioner's decision. Spivey filed objections to the Report and Recommendation. For the reasons explained below, the court adopts the Report and Recommendation of the magistrate judge and affirms the Commissioner's denial of benefits.

---

[1] The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

The facts are fully set forth in the decision of the administrative law judge ("ALJ"), (R. at 23-33), and summarized as follows. At the time of the ALJ's decision on October 8, 2009, Spivey was a forty-four-year-old woman with an eleventh grade education and past relevant work as a cashier, sewing machine operator, cook, and fast food worker. (Id. at 37-40, 42.) Spivey alleges that she has been disabled since January 15, 2005, due to a back disorder and anxiety-related disorders. (Id. at 70.)

Spivey filed applications for DIB and SSI on April 27, 2007. (Id. at 23.) The applications were denied initially and upon reconsideration. (Id.) On August 13, 2009, Spivey appeared and testified at a hearing before the ALJ. (R. at 36.) The ALJ found that Spivey suffered from the following severe impairments: musculoskeletal spinal pain, bi-polar disorder, mild mental retardation, anxiety, and asthma. (Id. at 25.) The ALJ further found that Spivey retained the residual functional capacity to perform a limited range of sedentary work. (Id. at 32.) Accordingly, he determined that Spivey was not disabled and denied her applications for DIB and SSI. (Id. at 33.) On July 21, 2010, the Appeals Council denied Spivey's request for review of the ALJ's decision, thereby making the determination of the ALJ the final decision of the Commissioner. Spivey filed the instant action on September 14, 2010.

## II. REPORT AND RECOMMENDATION

Spivey presented two issues to the magistrate judge. First, she argued that the ALJ erred in determining that she did not meet or equal Listing 12.05(C), the listing for mental retardation. (Pl. Br. 3-4.) Second, she contended that the ALJ's determination that there are jobs that exist in significant numbers in the national economy that she could perform was not supported by

substantial evidence. (Id. at 4-5.) The magistrate judge rejected both arguments and recommended affirming the decision of the ALJ. (Report & Recommendation, generally.)

### III. DISCUSSION OF THE LAW

#### A. Standard of Review

Under 42 U.S.C. § 405(g), the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). Accordingly, the court "must uphold the factual findings of the [Commissioner] if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id. (internal citations omitted). Hence, absent any error of law, if the Commissioner's findings are supported by substantial evidence, the court should uphold the Commissioner's findings even if the court disagrees. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

#### B. Objections

Spivey objects to the magistrate judge's conclusion that substantial evidence supported the ALJ's finding that Spivey's impairment did not meet or equal Listing 12.05(C). (Objections, generally.) To determine whether a claimant's impairment meets Listing 12.05 requires a two-step inquiry. First, the claimant must satisfy the Social Security Administration's ("SSA") diagnostic description of mental retardation, which provides: "Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning

3

initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05 (2011). An impairment falling within the scope of the diagnostic description of mental retardation must also satisfy one of the requisite severity levels set forth in Listing 12.05. Id. (A)-(D). Spivey maintains that her impairment meets the criteria for subsection (C), which requires a claimant to have "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." (Pl. Br. 3.)

Spivey contends that her IQ test scores between 60 and 70 coupled with the ALJ's finding that she was unable to return to past relevant work alone are sufficient to satisfy the requirements of Listing 12.05(C). (Objections, generally.) The Fourth Circuit has instructed that a claimant's inability to return to past relevant work demonstrates a "significant work-related limitation of function" as required by subsection (C). Luckey v. U.S. Dep't of Health & Human Servs., 890 F.2d 666, 669 (4th Cir. 1989). Although this finding coupled with Spivey's IQ test scores of 70 or below satisfy the severity criteria for Listing 12.05(C), her impairment must also meet the diagnostic definition of mental retardation found in the introductory paragraph of Listing 12.05. See Sullivan v. Zebley, 493 U.S. 521, 530 (1990) ("For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria."); Cheatum v. Astrue, No. 08-3626, 2010 WL 2982819, at **1-2 (8th Cir. July 30, 2010) (unpublished) (rejecting argument that claimant satisfied Listing 12.05(C) when severity criteria was met because claimant failed to show deficits in adaptive functioning). The ALJ determined that Spivey did not suffer deficits in adaptive functioning and therefore did not

satisfy the diagnostic definition of mental retardation.[2] (R. at 26-27.) This conclusion was based on the ALJ's finding that Spivey's mental impairment did not significantly frustrate her ability to perform common daily activities such as driving, attending church, visiting with friends and family in her home, and managing personal obligations such as eating, dressing, and bathing. (R. at 26-28.) The ALJ also noted that Spivey had been able to work in semi-skilled occupations as a cashier and cook. (Id. at 31.) As the magistrate judge concluded, substantial evidence supported the ALJ's determination that Spivey failed to show deficits in adaptive functioning and therefore did not meet or equal Listing 12.05(C). (Report & Recommendation 8.)

Based on the foregoing, the court adopts Magistrate Judge Marchant's Report and Recommendation and affirms the decision of the Commissioner.

It is therefore

**ORDERED** that the decision of the Commissioner is affirmed.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
October 18, 2011

---

[2] According to the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders, "[a]daptive functioning refers to how effectively individuals cope with common life demands and how well they meet the standards of personal independence expected of someone in their particular age group, socio cultural background, and community setting." Am. Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders (4th ed. 1994).